IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STAN PIERZCHAJIO

PLAINTIFF

v.

NORTHWESTERN SELECTA, INC.

DEFENDANT

CIVIL NO. 17-1682

RE: AGE DISCRIMINATION IN EMPLOYMENT ACT, LAW NO.100 OF JUNE 30, 1959; LAW NO. 80 OF MAY 30, 1976

DAMAGES EQUITABLE AND INJUNCTIVE RELIEF

TRIAL BY JURY

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES the Plaintiff, through the undersigned attorney, and very respectfully alleges states and prays:

## INTRODUCTION

1. STAN PIERZCHAJIO (Pierzchajio) brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., seeking damages as a result of the Defendant's discrimination against plaintiff due to his age, and his discharge, in violation of the ADEA, Puerto Rico's Law No. 100 of June 30, 1959, as amended, and Law No.

80 of May 30, 1976.

**JURISDICTION**

2. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. Sec. 633a (c) and 29 U.S.C. 1132 (e), as well as under 28 U.S.C. 1331.

3. This Court's exercise of supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367 to hear the Commonwealth law claims because these arose from the same nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) (1) and (2).

5. All conditions precedent to jurisdiction under 29 U.S.C. 633a and 29 U.S.C. 626 have occurred or have been complied with:

a. A charge of employment discrimination on the basis of age discrimination was timely filed with the Puerto Rico Department of Labor Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC"). The charge was filed on January 27, 2016.

b. After proceedings at the Department of Labor, the parties could not solve their differences.

c. The EEOC issued Right-to-sue letter in the EEOC charge on February 27, 2017 and was received by plaintiff on March 7, 2017.

d. This complaint is being filed within 90 days of the issuance and the receipt of the "EEOC" right-to-sue letter.

6. All the discriminatory employment practices alleged herein were committed within the Commonwealth of Puerto Rico.

7. Defendant NORTHWESTERN SELECTA, INC. (hereinafter referred to as "NWS") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico.

8. NWS is a "persons" within the meaning of 29 U.S.C. 630 (a).

9. NWS employs 20 or more employees and is considered "employer" within the meaning of 29 U.S.C. 630 (b).

10. Defendant is engaged in an industry affecting commerce within the meaning of 29 U.S.C. 630 (h).

**THE NARRATIVE**

11. Pierzchajio is 61 years old.

12. Pierzchajio started working for Defendant on March 23, 2015 until December 18, 2015, when his employment with the Defendant was terminated. At this moment, Pierzchajio was in charge of the boat of the owners of Defendant. Pierzchajio was told that he was going to be employed for at least a year.

13. Pierzchajio was always an excellent, capable and dedicated employee. Pierzachajio had an excellent and spotless service record.

14. When discharged, Pierzchajio was falsely informed that he was being discharged due to elimination of the position due to economic reasons. His boss, the owner of the boat, told him that the boat was going to be sold. However, immediately after his discharge, Defendant employed a substantially younger employee to occupy the position of Pierzchajio. The position was not eliminated, but instead Defendant employed a young man called Antonio, about 30 years old, to occupy the position. The boat was never sold, neither did the owner have the intention to sell it.

15. Further, the owner of the Defendant had commented Pierzchajio that the Defendant's finances were excellent. Moreover, later, when the defendant filed the charge of discrimination before the EEOC and was confronted with the fact the Pierzchajio knew about Antonio's hiring, Defendant changed its version and alleged that it had discharged Pierzchajio due to some performing issues, when Pierzchajio had no performing issues. The discharge of Pierzchajio came after he handled and repaired the major issues that the boat had. Once these repairs were done, the owner of the boat, his boss, changed his attitude toward Pierzchajio.

16. These actions led Pierzchajio to conclude that his discharge was due to his age.

17. Pierzchajio was in the age group protected by the ADEA; he was discharged; at the time of his discharge, he was performing his job at a level that met his employers' legitimate expectations; and he was replaced by a substantially younger employee.

18. Defendants' conduct is the proximate cause of all of Pierzchajio's damages.

**FIRST CAUSE OF ACTION**

19. Pierzchajio repeats and realleges each and every preceding allegation as if fully set herein.

20. Defendant's conduct against Pierzchajio constitutes discrimination on the basis of age in violation of the ADEA.

21. As a proximate result of the defendant's discriminatory practices, Pierzchajio has suffered intensely, has been deprived of his means of livelihood and has been emotionally devastated.

22. Defendant is liable to Pierzchajio for compensatory and emotional damages, back pay, loss of income, salaries and benefits, and he is entitled to be reinstated to his former

position, which he held prior to his discriminatory discharge, and/or front pay in lieu of reinstatement until age 70.

**SECOND CAUSE OF ACTION**

23. Pierzchajio repeats and realleges each and every preceding allegation as if fully set herein.

24. Defendant's discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof the defendant is liable to Pierzchajio for liquidated damages.

**THIRD CAUSE OF ACTION**

25. Pierzchajio repeats and realleges each and every preceding allegation as if fully set herein.

26. Defendant's conduct constitutes discrimination on the basis of age in violation of Law No. 100 of June 30, 1959, as amended and as a result thereof defendant is liable to Pierzchajio for compensatory and double damages.

**FOUTH CAUSE OF ACTION**

27. Pierzchajio repeats and realleges each and every preceding allegation as if fully set herein.

28. Pierzchajio was employee in commerce and industry for defendants, for which he worked for compensation under contract without a fixed period of time.

29. Defendant discharged Pierzchajio from his employment in violation of 29 LPRA Section 185a et seq., which entitles him to the approximate amount of $6,540.00.

**TRIAL BY JURY**

30. Plaintiff demands that the instant action be tried before a jury.

**PETITION FOR RELIEF**

**WHEREFORE,** all premises considered, Plaintiff prays that judgment be entered in her favor and against Defendant including the following relief:

a. An order directing the Defendant to reinstate Pierzchajio to his employment or an award of front pay until age 70 in lieu of reinstatement and to cease and desist of any discriminatory conduct due to his age.

b. Back pay, together with interest.

c. Lost benefits and salaries both, past and future.

d. Severance pay under 29 LPRA Section 185a.

e. An award of liquidated damages equal to twice the back pay lost by Pierzchajio.

f. An award of compensatory damages for the emotional suffering and distress resulting from Defendant discriminatory discharge in an amount not less than $500,000.00.

g. An award of double compensatory damages and back pay pursuant to Law No. 100.

h. Attorney's fees and costs pursuant to 29 USCA 1132 (g).

i. An award of attorney's fees, together with costs and necessary disbursements.

j. Any other remedy that this Court may deem just and proper.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 19th day of May 2017.

S/Manuel Durán-Rodríguez
MANUEL DURAN-RODRIGUEZ, ESQ.
USDC- PR No.204512
MANUEL DURAN LAW OFFICE
1139 AMERICO MIRANDA AVE.
SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
FAX (787) 781-7771
Mduranlaw@aol.com